## Mrs. George Grimm, Appellee, v. G. H. Lienemann and A. B. Rockwell, Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

### Statement of the Case.

Action by Mrs. George Grimm, plaintiff, against G. H. Lienemann and A. B. Rockwell, defendants, in the Circuit Court of Madison county, to recover on a promissory note. From a judgment for plaintiff and against defendants on plea of set-off, defendants appeal. Defendants pleaded partial payment and set-off, and made tender of the balance. Trial by jury was waived. There were no propositions of law or fact submitted.

It appeared that George Grimm, who owned a saloon in New Douglas, Illinois, died in July, 1910, and that the value of the stock and fixtures of the saloon there amounted to between $600 and $800. There was little other property, and the stock and fixtures were taken by the widow on her award. On September 6, 1910, George Grimm, Jr., as agent for his mother, sold the stock and fixtures to defendant G. H. Lienemann for his son-in-law, Eph Vinyard. At the time of his death, George Grimm, Sr., owned the Highland Brewing Company $175, so that it was necessary to get the consent of the company to make a transfer of the property. George Grimm, Jr., Lienemann and Vinyard called upon Eugene Schott, the president of the Brewing Company. Schott drew up an agreement which was signed by Vinyard and Grimm, Jr., the latter acting for his mother:

"September 6th, 1910.

"This agreement entered into between Geo. Grimm and Eph Vinyard, both of New Douglas, Illinois. Geo. Grimm agrees to sell his father's saloon business in New Douglas, Illinois, to Eph Vinyard. And Eph Vinyard agrees to buy Geo. Grimm's saloon business. They both agree that the stock of goods shall be invoiced. Geo. Grimm to select one invoicer and Eph Vinyard to select one invoicer; if these two cannot agree they shall select the third; then all three shall appraise the stock. The furniture of the saloon shall be priced by Eph Vinyard and Geo. Grimm and the price shall be what they will agree upon. Mr. Geo. Grimm promises to pay the Highland Brewing Company $125 for the note which they hold against his father and Eph Vinyard shall pay the Highland Brewing Co. $50. Mr. Eph Vinyard agrees to hold out the $125 of the amount of the invoice which Geo. Grimm agrees to pay the Highland Brewing Company, and Eph Vinyard agrees to pay the $125 to the Highland Brewing Company's agent, Mr. Peter Watts.

(Signed)    EPH VINYARD
GEO. GRIMM."

Lienemann then paid the $50 and the stock was invoiced by two persons selected as agreed.

At the time of the trial both parties who made the invoices were dead and the invoice was not in evidence. There was no evidence of that amount other than the facts and circumstances of the case and the testimony of George Grimm, Jr., Lienemann and Vinyard. The former testified to have written down the articles and added up the amounts at which they were invoiced and that the total was $777. Lienemann and Vinyard testified that the total was $652. The note sued on, for $252, was prepared at the request of Lienemann in the absence of George Grimm, Jr., and signed by Lienemann with A. B. Rockwell as surety. Lienemann also paid Grimm $400 and afterwards paid the Brewing Company the $125 provided for in the agreement to be paid by Grimm. Grimm made out and executed for

Lienemann the following writing, which he called a bill of sale: "This is to certify that G. H. Lienemann has paid $652 (six hundred and fifty two and 00/100 dollars) as full payment for stock of dram shop goods and fixtures belonging to estate of Geo. Grimm, Sr., deceased.

GEO. GRIMM, Jr.
MRS. MARY GRIMM,
per GEO. GRIMM, JR."

GEERS & GEERS, for appellants.

D. H. MUDGE, for appellee.

Mr. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 440*—*what constitutes prima facie case.* In an action to recover on a promissory note, plaintiff establishes a prima facie case by proof of the note.

2. BILLS AND NOTES, § 406*—*when burden on defendant to establish defense.* Where the plaintiff establishes a prima facie case by proof of a note, the burden of establishing a defense by a preponderance of the evidence is upon defendant.

3. BILLS AND NOTES, § 440*—*when evidence sufficient to sustain finding.* In an action to recover on a promissory note, where defendant claimed set-off, and where the evidence as to set-off was conflicting, a finding for plaintiff and against defendant on his plea of set-off *held* sustained by the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.